James J. Moak (Bar No. 82393)
jmoak@mmhllp.com
Charles K. Chineduh (Bar No. 273258)
cchineduh@mmhllp.com
MESERVE, MUMPER & HUGHES LLP
300 South Grand Avenue, 24th Floor
Los Angeles, California 90071-3185
Telephone:  (213) 620-0300
Facsimile:  (213) 625-1930

Attorneys for Defendants
WASHINGTON FEDERAL, INC. and
WASHINGTON FEDERAL

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION - LOS ANGELES

| | |
|---|---|
| COUNTRYWIDE HOME LOANS, INC., | Case No. CV12-09748 R (FFMx) |
| Plaintiff, | **DEFENDANTS WASHINGTON FEDERAL, INC. AND WASHINGTON FEDERAL'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| vs. | |
| WASHINGTON FEDERAL, INC., and its wholly-owned subsidiary WASHINGTON FEDERAL, a Federal Savings Association, f/k/a Washington Federal Savings and Loan Association, | |
| Defendants. | Date:    January 7, 2013<br>Time:    10:00 a.m.<br>Ctrm:    8<br>Judge:  Hon. Manuel L. Real |
| | Complaint Filed:  October 15, 2012 |

TO THE DISTRICT COURT OF THE UNITED STATES, CENTRAL DISTRICT OF CALIFORNIA, AND TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 7, 2013, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 8 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, CA 90012, Defendants Washington Federal Inc. and Washington Federal will and hereby do move this Court pursuant to

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

1

DEFENDANTS WASHINGTON FEDERAL,
INC. AND WASHINGTON FEDERAL'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT FOR DECLARATORY

1   Rule 12, 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Civil Procedure for

2   an order dismissing the Complaint for Declaratory Relief filed by Plaintiff

3   Countrywide Home Loans, Inc.  Plaintiff's Complaint for Declaratory Relief should

4   be dismissed because it is an anticipatory suit.  Alternatively, this Court should

5   decline to exercise subject matter jurisdiction over this action and dismiss Plaintiff's

6   Complaint for Declaratory Relief because only declaratory relief is sought therein.

7   Further, Defendant Washington Federal, Inc. must be dismissed because this Court

8   lacks personal jurisdiction.

9       This Motion is based upon this Notice of Motion and Motion to Dismiss

10   Complaint for Declaratory Relief; the attached Memorandum of Points and

11   Authorities; and upon all pleadings, records, and papers on file herein, of which the

12   Court is requested to take judicial notice pursuant to Rule 201 of the Federal Rules of

13   Evidence, as well as such other oral or documentary evidence as may be presented at

14   or before the time of the hearing.

15

16

17   Dated:  November 30, 2012       MESERVE, MUMPER & HUGHES LLP
                                    James J. Moak

18                                 Charles K. Chineduh

19

20                         By:  _/s/ James J. Moak_

21                           James J. Moak
                          Attorneys for Defendants

22                           WASHINGTON FEDERAL, INC.
                          and WASHINGTON FEDERAL

23

24

25

26

27

28

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

128727.1

2     DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2    ## I.    INTRODUCTION

3    This action is a classic example of an improper "anticipatory suit" that should

4    be summarily dismissed.  "A suit is anticipatory when the plaintiff filed upon receipt

5    of specific, concrete indications that a suit by defendant was imminent."  *Z-Line*

6    *Designs, Inc. v. Bell'O Int'l, LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003).

7    Anticipatory suits "are viewed with disfavor as examples of forum shopping and

8    gamesmanship."  *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D.

9    Cal. 2006).

10   In a good faith effort to avoid litigation, Washington Federal attempted for

11   months to resolve its dispute with Countrywide only to be effectively stonewalled.

12   Subsequently, Washington Federal's lawyer wrote Countrywide on October 10,

13   stating: "I will file [suit] in Federal District Court on Tuesday, October 16, 2012."

14   (Ex. D.)   In response, the day before October 16, Countrywide rushed to the

15   courthouse to file this pre-emptive "declaratory judgment" action in California state

16   court on October 15.  As it stated it would, on October 16, Washington Federal filed

17   suit on the disputed matters in the United States District Court for the Western

18   District of Washington at Seattle. (Ex. F.)

19   Because this pre-emptive declaratory judgment action was triggered by a

20   "specific, concrete indication that a suit was imminent," it should be dismissed as an

21   improper anticipatory suit.  *K-Swiss Inc. v. Puma AG Rudolf Dassler Sport*, 2009 WL

22   2049702, at *3 (C.D. Cal. July 9, 2009).

23   ## II.    BACKGROUND

24   Washington Federal and Countrywide entered a master Mortgage Loan

25   Purchase and Servicing Agreement ("MLPSA") in December 2004.   (Ex. A.)

26   Through a series of subsequent trade and purchase confirmations under the MLPSA,

27   Washington Federal purchased from Countrywide numerous residential mortgage

28   loans   that   Countrywide   contracted   to   service.     Countrywide   made   certain

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

128727.1

1

DEFENDANTS WASHINGTON FEDERAL,
INC. AND WASHINGTON FEDERAL'S
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT FOR DECLARATORY

1   representations and warranties to Washington Federal concerning the origination of

2   the mortgage loans.  (*See* Ex. A.)  Countrywide also agreed to service the loans

3   consistent with certain standards.  (*Id.*)

4   From April to June 2012, Washington Federal notified Countrywide and Bank

5   of America (Countrywide's successor and assignee under the MLPSA) of numerous

6   material breaches of Countrywide's representations and warranties with respect to

7   certain mortgage loans.  (Exs. B & C).  Washington Federal invoked the contractual

8   requirement that Countrywide and Bank of America cure the breaches or, if cure was

9   not possible, repurchase the loans.  (*Id.*)

10   Over the next several months, Washington Federal and Countrywide and Bank

11   of America had discussions concerning the repurchase demands in an effort to avoid

12   litigation of the dispute.  Washington Federal tendered a variety of alternative dispute

13   resolution proposals to Countrywide and Bank of America, none of which were ever

14   accepted.  (*See* Ex. D.)

15   By October, Countrywide and Bank of America had not repurchased a single

16   loan and had not agreed to participate in any alternative dispute resolution

17   proceedings.   On October 10, 2012, counsel for Washington Federal thus sent

18   counsel for Countrywide an email stating:

19   
20   
21   
22   
23   
> In the event we have not agreed in substance to a particular course of action by the end of the day on October 15, 2012 I will bother you no more about creative dispute resolution alternatives.   I will, however, request that you accept service of the Complaint I will file in Federal District Court on Tuesday, October 16, 2012.

(Ex. D.)

24   Countrywide did not respond to that email.  Instead, on October 15—the

25   deadline for responding to the email and avoiding Washington Federal's filing a

26   lawsuit—Countrywide filed its Complaint for Declaratory Relief in this case against

27   Washington Federal in the Superior Court for the State of California for the County

28   of Los Angeles, Case No. BC493799.  (Ex. E.)  In that pleading, Countrywide seeks

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

2

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

a declaration that it has not breached its representations and warranties respecting the loans and that it has no obligation to repurchase any of them. (*Id.* ¶¶7–8, 22, and p. 147.)

True to its word, the next day (October 16) Washington Federal filed its Complaint for Breach of Contract against Countrywide, Bank of America, N.A., and Bank of America Corp. in the United States District Court for the Western District of Washington, Case No. 2:12-cv-01820-RSM (hereinafter "Washington Action"). (Ex. F.)[1]   In its Complaint, Washington Federal seeks affirmative relief in the form of specific performance directing the defendants to repurchase those loans. (*Id.* at 117.) Washington Federal also seeks money damages for material breaches of representations and warranties respecting the loans. (*Id.*)

On November 14, Washington Federal removed this action from California state court to this Court.   Pursuant to Federal Rule of Civil Procedure 12(b), Defendants have filed this Motion to Dismiss the Complaint for Declaratory Relief.

### III.   ARGUMENT

#### A. *Dismissal Is Warranted Because This Is an Anticipatory Suit*

**Anticipatory suit doctrine.**   "Anticipatory suits are found when the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by the defendant was imminent, and are viewed with disfavor as examples of forum shopping and gamesmanship." *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1192 (C.D. Cal. 2006) (quotation marks and citation omitted); *accord Z-Line Designs, Inc.*, 218 F.R.D. at 665.

**Rationale for anticipatory suit doctrine.**   In addition to promoting basic procedural fairness by discouraging forum shopping and gamesmanship, application of the anticipatory suit doctrine promotes pre-suit settlement of disputes.   Pre-

---

[1]  Washington Federal is today filing an Amended Complaint in the Washington Action.  (Ex. G.) Bank of America Corporation is not named as a defendant in the Amended Complaint.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

3

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

litigation settlement discussions would be discouraged—and courts' dockets thus more burdened—if potential plaintiffs were denied their choice of forum by defendants pre-emptively filing anticipatory suits. *Z-line Designs*, 218 F.R.D. at 666–67; *see also Xoxide, Inc.*, 448 F. Supp. 2d at 1194; *Charles Schwab & Co. v. Duffy*, 1998 WL 879659, at *1 (N.D. Cal. Dec. 8, 1998).

**This anticipatory suit should be dismissed.** Where, as here, two lawsuits pending in different federal district courts involve substantially similar parties and issues[2], federal comity counsels one court to decline jurisdiction in favor of the other action. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982); *K-Swiss Inc.*, 2009 WL 2049702, at *2. When the suit is anticipatory, dismissal of that suit is warranted. *K-Swiss*, 2009 WL2049702, at 3; *Xoxide*, 448 F.Supp.2d at 1194; *Z-Line*, 218 F.R.D. at 667; *Schmitt v. J.D. Edwards World Solution Co.*, 2001 WL 590039, at **1–2 (N.D. Cal. May 18, 2001); *see also Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477 (6th Cir. 1999).

---

[2]  *Alakozai v. Chase Inv. Servs. Corp.*, 2012 WL 748584, at *4 (C.D. Cal. Mar. 1, 2012) (parties and issues need not be identical, only substantially similar); *PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011) (same) (collecting cases); *see Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623–24 (9th Cir. 1991).

Without question, the parties in this action and the Washington Action are substantially similar. Both Countrywide and Washington Federal are parties to the Washington Action. In filing this action, Countrywide also named as a defendant Washington Federal, Inc., which is the holding company of Washington Federal. (Ex. E at 1.) Bank of America, N.A. (as Countrywide's successor and assignee with respect to both loan origination and loan servicing obligations) and Bank of America Corporation were named by Washington Federal in the Washington Action. (Ex. F at 1.) As mentioned in n.1 *supra*, Washington Federal's Amended Complaint does not name Bank of America Corporation as a defendant. (Ex. G.)

The issues presented in this action are essentially identical to those in the Washington Action. In the Washington Action, Washington Federal has sued Countrywide and Bank of America for breach of representations and warranties with respect to certain mortgage loans and seeks repurchase of the loans and money damages. (Ex. F at 117.) In this case, Countrywide seeks a declaration that it has not breached its representations and warranties and does not owe repurchase obligations respecting those loans. (Ex. E ¶¶7–8, 22, and p. 147.) The Washington Action not only presents the same issues raised in this case but is even broader, raising additional issues in order to fully litigate this controversy between the parties. (*See* Ex. G.)

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

4

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

1    In light of these legal principles, little explanation is required to demonstrate

2  that this action was anticipatory and designed to rob Washington Federal, the true

3  plaintiff, of its choice of forum.   Washington Federal engaged in good faith

4  discussions with Countrywide and Bank of America, seeking out-of-court resolution

5  of the entire controversy—to no avail.   On October 10, outside counsel for

6  Washington Federal advised counsel for Countrywide by email that if an agreement

7  concerning alternative dispute resolution was not reached by October 15,

8  Washington Federal would file suit on October 16.  (Ex. D.)  Or as Countrywide

9  admits in its Complaint for Declaratory Relief: "Washington Federal's outside

10  counsel emailed Countrywide and **threatened suit**."  (Ex. E ¶20) (emphasis added).

11    Countrywide took Washington Federal at its word and preemptively (and

12  improperly) filed this anticipatory declaratory action on October 15.   (*Id.* at 1.)

13  Washington Federal, true to its word, filed its Complaint for Breach of Contract in

14  the Washington Action on October 16, seeking coercive relief[3] against Countrywide

15  and Bank of America.  (Ex. F.)

16    These facts—especially the promise of a lawsuit by Washington Federal by a

17  close date certain and Countrywide's initiation of this declaratory action a day before

18  that date—demonstrate this case is a textbook example where "the plaintiff in the

19  first-filed action filed suit on receipt of specific, concrete indications that a suit by

20  the defendant was imminent."  *Xoxide, Inc.*, 448 F. Supp. 2d at 1192.  Because this

21  declaratory action was anticipatory of the Washington Action and patently designed

22  to deny the true plaintiff Washington Federal its chosen forum, dismissal of this case

23  should follow. Otherwise, Washington Federal would be penalized for (and any

24  future would-be plaintiff discouraged from) attempting in good faith to resolve a

---

26  [3]  "The term 'coercive relief' commonly is used to distinguish these kinds of remedies [damages or
27  injunction] from a declaratory judgment."  Wright & Kane, 20 Fed. Prac. & Proc. Deskbook § 106
n.5 (2012).

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

5

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

1    dispute before filing suit.[4]  *Id.* at 1194.

2        **B. *Alternatively, This Court Should Refuse to Exercise Jurisdiction Because***
3        ***Countrywide Is Seeking Only Declaratory Relief***

4        Because anticipatory suits often seek only declaratory relief, there is an

5    independent basis for dismissing such actions.  A district court has discretion to

6    dismiss a case (like this one) concededly within its subject matter jurisdiction where

7    the remedy sought is declaratory relief under the Declaratory Judgment Act, 28

8    U.S.C. §§ 2201–02.[5]  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 533 (9th

9    Cir. 2008); *Xoxide*, 448 F. Supp. 2d at 1192.  Further, "'[t]he Declaratory Judgment

10   Act is not to be invoked to deprive a plaintiff of his conventional choice of forum

11   and timing, precipitating a disorderly race to the courthouse.'"  *Z-Line Designs, Inc.*,

12   218 F.R.D. at 665 (quoting *DeFeo v. Proctor & Gamble Co*, 831 F. Supp. 776, 778

13   (N.D. Cal. 1993)).

14       Declaratory relief is only appropriate if it will serve a useful purpose in

15   clarifying and settling the legal relations at issue and by terminating the uncertainty

16   _____

17   [4]   Countrywide apparently filed this case in a misguided attempt to take advantage of what is
     known as the "first to file" rule.  In short, Countrywide apparently erroneously believed that by
     engaging in what the *Z-Line Designs, Inc.* court termed a "disorderly race to the courthouse,"
18   somehow Countrywide is entitled to pursue the instant case.  218 F.R.D. at 665.

19       The first to file rule is inapplicable here for at least two reasons:  1) the two cases are only filed
     within one day of each other; and 2) an "anticipatory suit" is an exception to the first to file rule.
20   Considering the first reason, "the first to file rule is of **no utility** where competing cases are filed in
     a short interval of one another."  *K-Swiss, Inc.*, 2009 WL2049702, at *2 (2 business days separated
21   the suits) (emphasis added); *accord Z-Line Designs, Inc.*, 218 F.R.D. at 667 (refusing to apply first
     to file rule where two days separated two actions).  As to the second reason, the "[c]ircumstances
22   under which the first to file rule **will not be applied** include bad faith, **anticipatory suit** and forum
     shopping."  *Z-Line Designs, Inc.*, 218 F.R.D. at 665 (emphasis added).  A key indicator that a first-
23   filed lawsuit is anticipatory is when it seeks only declaratory relief whereas the second-filed suit
     seeks coercive relief such as money damages.  *See K-Swiss*, 2009 WL2049702, at **1–3; *Xoxide*,
24   448 F. Supp. 2d at 1191–94; *Z-Line*, 218 F.R.D. at 664–67; *Schmitt*, 2001 WL 590039, at **1–2.

25   [5]   Even though Plaintiff initiated this action in California state court, upon removal the nature of the
     relief sought necessarily invoked the Declaratory Judgment Act.  *Golden Eagle Ins. Co. v.*
26   *Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996), overruled on other grounds by *Gov't Employees*
     *Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *Englewood Lending Inc. v. G&G Coachella Invs.,*
27   *LLC*, 651 F. Supp. 2d 1141, 1144 (C.D. Cal. 2009); *Schmitt*, 2001 WL 590039, at *1.

28

LAW OFFICES
**MESERVE,**
**MUMPER &**
**HUGHES LLP**

128727.1

6

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

1  giving rise to the proceeding. *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986);

2  *Hollywood Foreign Press Ass'n v. Red Zone Capital Partners II*, 2012 WL 1549838,

3  at \*34 (C.D. Cal. Apr. 30, 2012). But where, as here, a plaintiff files an anticipatory

4  declaratory judgment action that is immediately followed by an almost identical

5  coercive suit, "a declaratory judgment would serve no useful purpose" and dismissal

6  of the declaratory action is appropriate. *Tempco Elec. Heater Corp. v. Omega*

7  *Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987); *accord Allendale Mut. Ins. Co. v. Bull*

8  *Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993) (Posner, J.) ("a suit for declaratory

9  judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff

10  will normally be dismissed"); *DeFeo*, 831 F. Supp. at 780.

11       This declaratory action was unnecessary because Countrywide knew the action

12  Washington Federal had promised it would—and did indeed—file the next day

13  would be sufficient to settle the legal relations of the parties and resolve any

14  uncertainty. *Schmitt*, 2001 WL 590039, at \*3. Hence, the sole purpose of this suit

15  was to prevent Washington Federal from selecting the forum that will decide the

16  dispute. As observed by the Ninth Circuit, "[t]he wholesome purpose of declaratory

17  acts would be aborted by its use as an instrument of procedural fencing either to

18  secure delay or to choose a forum." *Shell Oil Co. v. Frusetta*, 290 F.2d 689, 694 (9th

19  Cir. 1961) (quotation marks and citation omitted). Such improper tactics should not

20  be countenanced. This Court should decline to exercise jurisdiction over this action.

21       **C. *This Court Lacks Personal Jurisdiction Over Washington Federal, Inc.***

22       In any event, Defendant Washington Federal, Inc. should be dismissed for lack

23  of personal jurisdiction.

24       "Where, as here, no federal statute authorizes personal jurisdiction, the district

25  court applies the law of the state in which the court sits." *CollegeSource, Inc.*, 653

26  F.3d at 1073. Because California's long-arm statute, Cal. Civ. P. Code § 410.10, is

27  coextensive with federal due process requirements, the jurisdictional analyses under

28  California law and federal due process are identical. *Id.* "For a court to exercise

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

7

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 1073–74 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

**Countrywide cannot meet its burden.**  As the plaintiff, Countrywide bears the burden of establishing whether personal jurisdiction exists over Defendant Washington Federal, Inc.  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011).  Countrywide's lone personal jurisdictional allegation against Washington Federal, Inc. is that it "enter[ed] into a series of agreements with Countrywide for the purchase of 1,026 residential mortgage loans." (Ex. E ¶4.)

**Personal jurisdiction is lacking.**  Countrywide thus asserts only specific jurisdiction over Washington Federal, Inc.[6]  For specific jurisdiction to exist over a nonresident defendant, the following test must be satisfied:

> (1)     The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2)     the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3)     the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Id.* at 1076.  The plaintiff bears the burden of establishing the first two prongs.  *Id.*

---

[6]  For general jurisdiction to exist over a nonresident defendant like Washington Federal, Inc., it must have "continuous and systematic general business contacts . . . that approximate physical presence" in California.  *CollegeSource, Inc.*, 653 F.3d at 1074 (quotation marks and citations omitted).  Countrywide does not allege, and cannot establish, that Washington Federal, Inc. has any such contacts with California because, in fact, Washington Federal, Inc. does not have such contacts.

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

8

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

1    Countrywide does not and cannot establish either the first or the second prong.
2    As to the first prong, although Countrywide alleges that Washington Federal, Inc.
3    "enter[ed] into a series of agreements with Countrywide for the purchase of 1,026
4    residential mortgage loans," that allegation is flat wrong: the Mortgage Loan
5    Purchasing and Servicing Agreement at issue is between Countrywide and
6    Washington Federal Savings and Loan (Washington Federal's former name).  (Ex.
7    A; Ex. E at 1.)  The first prong is thus not satisfied.  *See Schwarzenegger v. Fred*
8    *Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) ("A showing that a defendant
9    purposefully availed himself of the privilege of doing business in a forum state
10   typically consists of evidence of the defendant's actions in the forum, such as
11   executing or performing a contract there.")  Necessarily, then, neither is the second
12   prong satisfied.

13    Because neither general nor specific jurisdiction exists, nonresident defendant
14   Washington Federal, Inc. does not have sufficient minimum contacts with California
15   for this Court to exercise personal jurisdiction consistent with due process.  For the
16   foregoing reasons, Washington Federal, Inc. should be dismissed for lack of personal
17   jurisdiction.

18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

LAW OFFICES
**MESERVE,
MUMPER &
HUGHES LLP**

128727.1

9

DEFENDANTS' NOTICE OF MOTION AND
MOTION TO DISMISS COMPLAINT FOR
DECLARATORY RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### IV.   CONCLUSION

For the reasons stated, Defendants Washington Federal, Inc. and Washington Federal's Motion to Dismiss Complaint for Declaratory Relief should be granted.

Dated:  November 30, 2012          MESERVE, MUMPER & HUGHES LLP
                                   James J. Moak
                                   Charles K. Chineduh


                                   By:  /s/ James J. Moak
                                        James J. Moak
                                        Attorneys for Defendants
                                        WASHINGTON FEDERAL, INC.
                                        and WASHINGTON FEDERAL

LAW OFFICES
MESERVE,
MUMPER &
HUGHES LLP

128727.1

10          DEFENDANTS' NOTICE OF MOTION AND
            MOTION TO DISMISS COMPLAINT FOR
                   DECLARATORY RELIEF